## IN THE 21ST JUDICIAL CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **VICTORIA HOWARD,** | )<br>) |
| and | )<br>) |
| **HAROLD HOWARD**, | )<br>) |
| Plaintiffs, | ) Cause No. _____<br>)<br>) Div. No. _____ |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| **SAM'S EAST, INC.**<br><u>Serve at: Registered Agent</u><br>CT Corporation<br>120 South Central Avenue<br>Clayton, MO, 63105 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

### PETITION FOR DAMAGES

COMES NOW Plaintiffs, Victoria Howard (hereinafter as "Plaintiff") and Harrold Howard (hereinafter as "Plaintiff Spouse" and, collectively with Plaintiff, as "Plaintiffs"), by and through their attorney, Nicholas D. Brown, and for their Petition for Damages against Defendant Sam's East, Inc. states the following to the Court:

### PARTIES

1. At all times relevant hereto, Plaintiffs were and remain citizens and residents of the State of Missouri.

2. At all times relevant hereto, Plaintiffs have been a lawfully married couple.

3. At all times relevant hereto, Defendant Sam's East, Inc., including its agents, officers, staff, employees, and servants (hereinafter as "Defendant") was a corporation licensed to do business in the State of Missouri.

4. At all times relevant hereto, Defendant owned and/or managed, maintained, staffed, supervised, and operated Sam's Club No. 8182, which is a store open to the public.

## JURISDICTION AND VENUE

5. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

6. This Court has personal jurisdiction over Defendant because the acts and conduct giving rise to the claims asserted in this lawsuit occurred in Missouri.

7. This Court has subject matter jurisdiction over Defendants because this cause of action arises under the laws of the State of Missouri.

8. Venue is proper in this Court because the acts and/or omissions giving rise to the claims alleged herein occurred in St. Louis County, Missouri.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

9. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

10. At all times relevant hereto, the buildings and/or structures and real property at Sam's Club No. 8182, located at 13455 Manchester Road, St. Louis, MO 63131 (hereinafter as "Premises"), were owned and/or managed, maintained, staffed, supervised, and operated by Defendant.

11. At all times relevant hereto, Defendant was vicariously liable for the acts, failures, and omissions of its employees, agents, representatives, and servants under the doctrine of *respondeat superior*.

12. At all times relevant hereto, Defendant was solely responsible for the maintenance of the Premises, including keeping common areas free from foreseeable hazards, which were

known or should have been known, and that were likely to cause serious injury to Plaintiff and others similarly situated.

13. At all times relevant hereto, Plaintiff exercised all requisite reasonable care while walking through entries and exits on the Premises.

14. On December 18, 2019, Plaintiff was an invitee of Defendant while on the Premises.

15. On December 18, 2019 at approximately 11:15 am, Plaintiff entered the Premises with the intention of purchasing gift cards for her grandchildren for Christmas.

16. Due to a very lengthy checkout line of holiday shoppers, Plaintiff decided to leave the Premises to return at a less busy time.

17. While proceeding through the exit of the store on the Premises, Plaintiff tripped and fell to the ground on a bubble created by two intersecting and overlaying mats, just outside of the second set of automated sliding doors (hereinafter as "Incident").

18. Immediately following the Incident and while Plaintiff was still lying on the ground, Plaintiff was approached by an employee of Defendant.

19. The employee in question dismissively told Plaintiff "you're fine", and stated that because Plaintiff could stand and walk, she couldn't be injured.

20. The same employee provided Plaintiff with a Customer Incident Report for her to fill out.

21. Subsequently, after Plaintiff complained of significant pain to multiple areas of her body, the same employee told Plaintiff to "go home and put some IcyHot on it."

22. No offer for medical attention was ever made to Plaintiff, who was seventy-three years old at the time of the Incident.

23. Plaintiff was told by an employee of Defendant that she would be hearing from someone at the store within a couple of days, but no such contact would be forthcoming.

**COUNT I: PREMISES NEGLIGENCE**
**(Plaintiff Victoria Howard)**

24. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

25. As the owner and/or operator of the Premises, who holds sole control and complete responsibility for the Premises, along with its maintenance, inspections, repairs, and fitness, Defendant had a duty to take all reasonably measures to ensure that the Premises was free from dangerous hazards likely to pose a foreseeable risk of serious bodily injury, that any such hazards were removed in a timely fashion, that such hazards were sufficiently barricaded, and/or that proper warning of such hazards were given to Plaintiff and others similarly situated.

26. Defendant breached their duty of care to Plaintiff and others similarly situated by failing to ensure that the Premises were free from dangerous hazards likely to pose a foreseeable risk of serious bodily injury, that such hazards were removed in a timely fashion, that such hazards were sufficiently barricaded, and/or that proper warning of such hazards were given to Plaintiff and others similarly situated.

27. Defendant breached said duty and were thereby negligent by:

    a. Negligently disregarding a known or foreseeable hazard that posed a risk of serious bodily injury to Plaintiff and others similarly situated by failing to inspect areas of ingress and egress with reasonable regularity;

    b. Negligently creating a foreseeable hazard by laying mats on the ground and thereby creating an uneven walking service for Plaintiff and others similarly situated;

  c. Negligently placing the aforementioned mats so that they intersected, creating a "bubble" which was hazardous to Plaintiff and others similarly situated;

  d. Negligently disregarding a known or foreseeable hazard posing a risk of serious bodily injury to Plaintiff and others similarly situated by failing to remove the mats, or the bubble created by intersecting and overlaying mats in the entrance area of the Premises;

  e. Failing to adequately warn Plaintiff and other similarly situated individuals of a dangerous condition and/or hazard thereon, when Defendant knew or should have known that such a warning was necessary to prevent serious bodily injury to Plaintiff and those similarly situated;

  f. Allowing areas of the Premises, including the common areas of ingress and egress for guests and/or customers, to remain in a dangerous condition for an unreasonable length of time; and

  g. Otherwise failing to take preventative measures to ensure that the Premises remained in such a condition that did not pose a danger of serious bodily injury to Plaintiff and those similarly situated.

28. Defendant knew, or by an ordinary degree of care should have known, that without proper maintenance, inspections, barricades, warnings, and/or removal of dangerous hazards, that the likelihood of an accident occurring on the Premises was reasonably likely, yet Defendant failed to properly maintain, inspect and identify, warn, barricade, and/or remove said hazards, thereby causing injury to Plaintiff.

29. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff sustained significant and lasting injuries, some of which are

severe and/or permanent in nature, including, but not limited to injuries to her right hip, back, and right knee.

30. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff has suffered, continues to suffer, and will in the future continue to suffer non-economic damages, including stress, physical pain and suffering, emotional distress, sleep deprivation, physical impairment, inconvenience, loss of capacity to enjoy life, permanent disfigurement, anxiety, loss of life enjoyment, and loss of consortium as a result of the Incident.

31. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff has expended sums of money for reasonable and necessary medical care, for which she has become indebted.

32. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff will be caused to further undergo reasonable and necessary medical care and treatment in the future, for which she will become indebted.

WHEREFORE, Plaintiff Victoria Howard prays for judgement against Defendant Sam's East, Inc. and award Plaintiff actual and compensatory damages in excess of twenty-five thousand dollars ($25,000.00), pre-judgment interest pursuant to RSMo § 408.040, post-judgement interest, Plaintiff's reasonable costs and fees incurred herein, and for any such other and further relief this Honorable Court deems just and proper under the circumstances.

### COUNT II: LOSS OF CONSORTIUM
**(Plaintiff Spouse Harold Howard's Claim Derivative of Plaintiff Victoria Howard's Injuries)**

33. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

34. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiff Spouse has suffered damages, for which he is entitled to compensation, as he has been deprived and will continue to be deprived of the services of his wife to which he is lawfully entitled, and has suffered and continues to suffer the loss of his spouse's consortium, society, services, companionship, comfort, care, intimacy, love, affection, and support, that would normally be available.

35. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiff could no longer contribute to household duties, including any cooking, cleaning, grocery shopping, landscaping, and gardening.

36. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiffs been forced to endure severe strain on their marriage, interpersonal relationship, intimacy, emotional distress, and significant mental anguish due to their diminished sexual intimacy since the Incident.

37. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiffs have been forced to endure financial instability due to the reasonable and necessary medical costs incurred as a result of the Incident.

WHEREFORE, Plaintiff Harold Howard prays for judgement against Defendant Sam's East, Inc. and award him actual and compensatory damages in excess of twenty-five thousand dollars ($25,000.00), pre-judgement interest in accordance with RSMo. § 408.040, together with post-judgement interest, his reasonable costs and fees incurred herein, and for any such other and further relief this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

**THE LAW FIRM OF THOMAS SANFILIPPO & ASSOCIATES, LLC**

*/s/ Nicholas D. Brown*
Nicholas D. Brown– MO Bar # 62770
211 N. Broadway, Suite 2100
St. Louis, Missouri 63102
PH:     (314) 669-5752
FX:     (314) 396-6655
EM:    nbrown@tsalawoffice.com
***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court using the Missouri Electronic Filing System, on August 23, 2021.

*/s/ Nicholas D. Brown*